UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------
| | |
|---|---|
| IN RE: ) | CASE NO. 09-23455 (ASD) |
| ) | |
| GINO D'ELISEO ) | CHAPTER 7 |
| a/k/a GINO MICHAEL D'ELISEO, ) | |
| ) | |
| DEBTORr ) | |

----------------------------------------------------

| | |
|---|---|
| FARREL D'ELISEO, ) | ADV. PRO. NO. 09-02066 |
| ) | |
| PLAINTIFF ) | RE: ECF NO. 46 |
| v. ) | |
| ) | |
| GINO D'ELISEO ) | |
| a/k/a GINO MICHAEL D'ELISEO, ) | |
| ) | |
| DEFENDANT ) | |

----------------------------------------------------

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rule of Civil Procedure 56, applicable to this adversary proceeding under Fed. R. Bankr. P. 7056, the Court having considered the *Amended Motion for Summary Judgment* (hereafter, the "Motion"), ECF No. 46, filed by the Plaintiff, Farrel D'Eliseo (hereafter, the "Plaintiff"), as well as the accompanying *Amended Memorandum in Support of Plaintiff's Motion for Summary Judgment* and the Plaintiff's *Local Rule 56(a)1 Statement* (hereafter, the "Local Rule 56(a)1 Statement"); and

**WHEREAS** no Local Rule 56(a)2 Statement having been filed by the Defendant, Gino D'Eliseo (hereafter, the "Defendant") pursuant to the District of Connecticut Local Rule of Civil Procedure 56(a) within the requisite time[1]; and

---

[1] The Motion was filed July 27, 2010. Local Rule 56(b) informs a pro se party opposing a Motion for Summary Judgment to file opposing documents, including a Local Rule 56(a)2 Statement, within twenty-one days of the motion by the moving party, extended for an additional three days in cases such as the present case due to service by mail.

**WHEREAS** notwithstanding the lack of a Local Rule 56(a)2 Statement by the pro se Defendant, the Court has examined the records of the adversary proceeding to ascertain whether the Plaintiff is entitled to judgment as a matter of law; and

**WHEREAS** the Defendant's *Answer*, ECF No. 37, admits all of the material facts in the *Complaint*, ECF No. 1, that are relevant to the Motion, and admits all of the material facts asserted in the Plaintiff's Local Rule 56(a)1 Statement, including, *inter alia*, that "[t]he obligations of Defendant to his children and the Plaintiff, as set forth in the Separation Agreement are domestic support obligations, as defined by 11 U.S.C. §101(14A), and are nondischargeable pursuant to 11 U.S.C. §523(a)(5)," Local Rule 56(a)1 Statement, ¶ 12, Answer, ¶ 12; and

**WHEREAS** there being no genuine issue as to any material fact regarding nondischargeability under Bankruptcy Code §523(a)(5), and the Plaintiff being entitled to judgment thereon as a matter of law, in accordance with which:

**IT IS HEREBY ORDERED** that the obligations of the Defendant to his children and the Plaintiff, as set forth in the Separation Agreement, are domestic support obligations as defined by 11 U.S.C. §101(14A) and are nondischargeable pursuant to 11 U.S.C. §523(a)(5).

A separate judgment enters simultaneously herewith.

Dated: August 27, 2010                                           BY THE COURT

Albert S. Dabrowski
United States Bankruptcy Judge